DAVID J. ZUGMAN
California Bar No. 190818
1010 2nd Avenue, Suite 1800
San Diego, California  92101-5008
Telephone:  (619) 699-5931
Facsimile:  (619) 924-2201
dzugman@gmail.com

Counsel for Richard Medina, Jr.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE ROGER T. BENITEZ)

(HONORABLE BERNARD G. SKOMAL)

| UNITED STATES OF AMERICA, | ) | Criminal No. 14CR2936-BEN |
|---|---|---|
| Plaintiff, | ) | Declaration of David Zugman Regarding Financial Quarterlies |
| v. | ) | |
| RICHARD MEDINA, JR. (1), | ) | |
| Defendant. | ) | |

To:   Laura E. Duffy, United States Attorney, Daniel C. Silva, Luella M. Caldito, Michael F. Kaplan, Assistant United States Attorneys

Counsel for Richard Medina makes the following declaration regarding the Court's order appointing counsel for Medina regarding the above-captioned case.

I, David Zugman, declare as follows:

1. When this Court appointed me to represent Medina on December 10, 2014, (docket entry #52), the Court ordered that Medina give quarterly statements regarding profit and loss in order to determine whether Medina remains eligible for appointed Counsel.

2. One month later the Parties appeared before the Honorable Roger T. Benitez for a status hearing.

3. The first thing addressed by the District Court was why Medina had appointed counsel.

4.	After some discussion, I proposed to the District Court that generally when this kind of circumstance had happened before the district court would decide at the conclusion of the case whether the client had the ability to pay.

5.	I believed that Judge Benitez was satisfied with that resolution.

6.	I also believed that Judge Benitez's stated views would supersede the prior order of the Honorable Bernard G. Skomal.

7.	I have operated under the assumption that Judge Benitez's views on how the voucher would be paid was controlling.

8.	Recently, I was contacted regarding the quarterly statements and repeated the view that I though Judge Benitez's pronouncement was controlling.

9.	Prior to being contacted regarding the quarterlies, I filed a motion for an interim voucher in excess of the statutory maximum (for the 100-plus hours I have spent on this case.)

10.	The district court approved my motion (though the actual approval of the voucher has not yet occurred.)

11.	I have been in communication with Medina about the litigation surrounding his financial eligibility for appointed counsel.

12.	I cannot, of course, explain my communications with my client without impinging on the attorney-client privilege.

13.	I have communicated to Medina the undeniable truth that he is best off if this does not become an issue in the case.

14.	I believe that Medina is in contact with his pretrial services officer about his financial ability to pay for counsel; a standard condition of release requires Pretrial Services to determine if the defendant can pay for the costs of pretrial supervision.

15.	Medina has pled guilty and is pending sentencing and his financial profile will be part of the Presentence Report.

16.	On February 10, 2016, I was contacted by the Court and asked about the status of Medina's quarterly reports.

17. I responded that I thought that Judge Benitez's statements were governing and indicated that Medina's ability to pay would be determined after sentencing.

18  I specifically brought the issue of how the voucher would be paid before the district court during the December 4, 2015, status hearing.

19. I personally believed that the status of the case was that Medina's ability to pay would be determined after he was sentenced in this matter.

20. If my understanding is wrong, I ask for two weeks to allow Medina to get into compliance with the financial disclosures of Docket Entry #52.

21. This circumstance is unusual because the Court is asking me to provide proof of my client's ability to pay my bills which puts me in a position adverse to my client's interests.

Further I state not.

Respectfully Submitted,

Date: February 19, 2016

S/David J. Zugman
David J. Zugman
Attorney for Medina, Jr.

## CERTIFICATE OF SERVICE

I the undersigned declare under penalty of perjury, that I am over the age eighteen years and I am not a party to the above-entitled action. I have caused service of

Defendant's Declaration of Counsel re financial

on the following parties by electronically filing the foregoing with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies them:

Daniel C. Silva, Luella M. Caldito, Michael F. Kaplan, Assistant United States Attorneys

I served the pleading by delivering a copy to the clerk's office and a copy to the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2016            S/David Zugman
                                         DAVID J. ZUGMAN